IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
SARAH M. ENRIQUEZ,              )
                                )
         Plaintiff,             )
                                )
    v.                          )   Case No. 13-1474-RDR
                                )
SEATON,LLC d/b/a                )
STAFF MANAGEMENT,               )
                                )
         Defendant.             )
```

## MEMORANDUM AND ORDER

Plaintiff is a former employee of defendant who filed a state court petition in the District Court for Montgomery County, Kansas alleging that she was terminated from her position at defendant's facility in Coffeyville, Kansas in retaliation for filing a workers compensation claim. Plaintiff currently resides in Texas. Defendant removed the case to this court on the grounds of diversity jurisdiction.

This case is now before the court upon defendant's motion to dismiss for improper venue pursuant to FED.R.CIV.P. 12(b)(3). Defendant's motion is based upon a forum-selection clause contained in a one-page employment agreement signed by plaintiff. Defendant contends that the clause requires that this case be brought in Chicago, Illinois. The clause states:

> I agree that this agreement and the performance hereunder shall be governed by the laws of Illinois. All suits arising from this agreement and the performance hereunder shall be brought in the

> appropriate court in Chicago, Illinois. I shall be responsible for any and all litigation and collections costs and expenses, including attorney's fees, in any manner arising from any breach of, or the failure to perform under, this agreement.

In further support of its motion, defendant asserts that it is a Chicago-based company that employs 10,276 people in 23 states, and that all of its managerial team, business records, and human resources files are maintained in Chicago.

Upon review and consideration, the court shall treat defendant's motion as a motion to transfer under 28 U.S.C. § 1404(a). The court shall grant the motion to transfer and direct that this case be transferred to the Northern District of Illinois and assigned to a court located in Chicago.

I. <u>Defendant's motion to dismiss under FED.R.CIV.P. 12(b)(3) should be treated as a motion to transfer under § 1404(a)</u>.

Venue is proper in this court for the purposes of 28 U.S.C. § 1391. This case is in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(2). In the recent case of <u>Atlantic Marine Construction Co., Inc. v. U.S. District Court</u>, 134 S.Ct. 568, 577 (2013), the Supreme Court held that a motion to dismiss for "improper venue" under Rule 12(b)(3) was not the proper device to enforce a forum-selection clause when venue was authorized under § 1391. Instead, the proper approach to enforce a forum-selection clause is to file a motion to transfer

under § 1404(a).  Id. at 579.  So, the court shall treat defendant's motion to dismiss as a motion to transfer.[1]

II. Transfer is proper under § 1404(a).

Section 1404(a) provides that:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Obviously, defendant is relying upon the consent of the parties as demonstrated in the forum-selection clause as the major factor in support its motion.

A. The forum selection clause is mandatory.

The court believes the meaning of the forum-selection clause should be interpreted according to Illinois law and that under such law, the clause should be considered mandatory.  The Tenth Circuit has suggested that Illinois law should be applied in this instance where the parties have designated that the employment agreement is governed by the laws of Illinois.  Yavuz v. 61 MM, Ltd., 465 F.3d 418, 428 (10th Cir. 2006).  Under Illinois law, the forum-selection provisions in this case would be considered as mandatory.  Paper Exp., Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 756 (7th Cir. 1992)("shall be filed" coupled with "all disputes," manifests a mandatory venue

---
[1] The parties were given notice of the court's intention to treat the motion to dismiss as a motion to transfer and no objections have been made.

clause); Continental Cas. Co. v. LaSalle Re Ltd., 500 F.Supp.2d 991, (N.D. Ill. 2007)(indicating that language stating that "all disputes shall be resolved in an Illinois court" would be considered mandatory); Calanca v. D & S Mfg. Co., 510 N.E.2d 21, 22-23 (Ill.App. 1987)(the word "shall" is interpreted to mean that the stated forum is exclusive).

B. <u>The forum-selection clause covers plaintiff's retaliation claim</u>.

Plaintiff states in her opposition to defendant's motion that "[t]here was no agreement by Plaintiff to waive her right to bring her tort claim in Kansas, the forum most convenient to her." Doc. No. at p. 6. If this statement is a claim that the forum-selection clause only covers contract claims, not tortious retaliation claims, the court rejects it. Once again, the court applies Illinois law.

The forum-selection clause covers: "All suits arising from this [employment] agreement and the performance hereunder." Under plain-language principles of contract construction, which Illinois follows of course, plaintiff's retaliation claim is covered by the forum-selection clause. See Abbott Laboratories v. Takeda Pharmaceutical Co. Ltd., 476 F.3d 421, 424-26 (7th Cir. 2007)(where forum selection clauses applies to litigation of "disputes" that arise out of the contract, it covers breach of fiduciary duty claim); Walker v. Carnival Cruise Lines, Inc.,

4

681 F.Supp. 470, 477 n.10 (N.D.Ill. 1987)(applying forum selection clause to tort and contract claims although the clause states that it covers disputes arising under contract); see also, Scherk v. Alberto-Culver Co., 417 U.S. 506 (1974)(fraud claim arising out of agreement to purchase certain business enterprises falls within arbitration clause governed by Illinois law).

    C.  The forum-selection clause is enforceable.

The court shall apply federal law in determining whether the forum-selection clause is enforceable. Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2nd Cir. 2014). The Supreme Court in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) held that a mandatory forum-selection clause is prima facie valid and should be enforced unless "unreasonable" under the circumstances. The burden of proving unreasonableness is a heavy one, which requires a "strong showing" that the chosen forum should be set aside. Bremen, 407 U.S. at 15. To overcome the presumption that a forum selection provision is valid, a party must make "a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice." Teran v. GB Intern., S.P.A., 920 F.Supp.2d 1176, 1183 (D.Kan. 2013)(quoting Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 958 (10th Cir. 1992)). Or, "if enforcement would contravene a strong public policy of

5

the forum in which suit is brought, whether declared by statute or by judicial decision," a forum-selection clause may not be enforced. Bremen, 407 U.S. at 15.

Plaintiff has not shown that enforcement of the forum-selection clause would be unreasonable. Plaintiff states that the clause was not discussed with her. This is not sufficient to prove unreasonableness. The clause was one paragraph of five in a short, one-page employment agreement. Plaintiff signed the agreement. The fact that it was not discussed with plaintiff does not prove that the clause was hidden from plaintiff or not communicated to her.[2]

Plaintiff also argues that the clause makes enforcement of plaintiff's workers' compensation rights inconvenient and therefore is contrary to Kansas public policy. The court does not believe that the inconvenience alleged by plaintiff is so severe as to foreclose plaintiff's remedy for alleged illegal retaliation. An Illinois federal district court is capable of applying Kansas or Illinois law and determining whether plaintiff's rights have been violated. The court has considered plaintiff's citation to Coleman v. Safeway Stores, Inc., 752 P.2d 645 (Kan. 1988) and Pfeifer v. Federal Express Corporation,

---

[2] In general support of this point, the court notes that in Mann v. Automobile Protection Corp., 777 F.Supp.2d 1234, 1240-41 (D.N.M. 2011) several cases were surveyed in support of the holding that such factors as unequal bargaining position and form contracts did not invalidate a forum-selection provision.

6

304 P.3d 1226 (Kan. 2013). Neither case holds that a state law claim for retaliation against the exercise of workers' compensation rights can only be heard in the State of Kansas. Unlike the collective bargaining agreement in Coleman, the forum-selection clause in this case does not limit a judicial remedy for alleged illegal retaliation, it only makes the remedy less convenient. Unlike the employment contract in Pfeifer, the forum-selection clause in this case does not shorten the time for bringing a claim by 75%. In sum, the cases are distinguishable.

For the above-stated reasons, plaintiff has failed to show that the forum-selection clause is unenforceable.

D. Transfer is justified under § 1404(a).

In Atlantic Marine, the Court stated that under § 1404(a) in cases not involving a forum-selection clause, a court must weigh and balance convenience of the parties and various public interest considerations and determine whether a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice. 134 S.Ct. at 581. But, "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988)). "'[A] valid forum-selection clause [should be] given controlling weight in

7

all but the most exceptional cases.'" Id. (quoting Stewart, 487 U.S. at 33 (Kennedy, J., concurring)). "[P]laintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. Furthermore, a court should not consider arguments about such "private interests" as inconvenience for the parties or for their witnesses or for their pursuit of the litigation. Id. at 582. A court may consider "arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id.

This does not appear to be an exceptional or unusual case. The court is not aware of any public-interest factors which strongly counsel against transfer in this instance.[3] Therefore, after considering the language of § 1404(a) in light of Atlantic Marine, the court shall order the transfer of this case to the Northern District of Illinois, Eastern Division.

III. Conclusion

For the above-stated reasons, defendant's motion to dismiss (Doc. No. 7) shall be treated as a motion to transfer. The

---

[3] In Atlantic Marine, the Court identified "public-interest factors" as including: "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" 134 S.Ct. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

8

motion to transfer shall be granted and this case shall be transferred to the Northern District of Illinois, Eastern Division.

**IT IS SO ORDERED.**

Dated this 26TH day of February, 2014, at Topeka, Kansas.

s/Richard D. Rogers<br>
Richard D. Rogers<br>
United States District Judge